**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-03135-01-CR-S-MDH |
| | ) | |
| BRANDON M. MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant's *Pro Se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a) (Doc. 307) and *Pro Se* Motion for Expedited Disposition of Compassionate Release. (Doc. 308). As to Defendant's Motion for Compassionate Release, the Government filed Suggestions in Opposition. (Doc. 312) and the Defendant filed a reply. (Doc. 316). This matter is now ripe for adjudication on the merits. As for Defendant's Motion for Expedited Disposition of Compassionate Release, the Government has failed to file a response and the time to do so has elapsed. This motion is ripe for adjudication. For the reasons stated herein, Defendant's *Pro Se* Motion for Compassionate Release is **DENIED** and Defendant's *Pro Se* Motion for Expedited Disposition of Compassionate Release is **FOUND AS MOOT**.

Defendant was sentenced to 210 months' imprisonment following a guilty plea for conspiracy to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; and possession of a firearm in furtherance of conspiracy to distribute 500 grams or more of methamphetamine in violation of 18 U.S.C. § 924(c)(1)(A).

1

**I.     Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)**

Defendant's Motion for Compassionate Release contends that extraordinary and compelling reasons exist because of his family circumstances, an excessive sentence, lack of First Step Act time credits, sentencing disparity between defendants, and his efforts at rehabilitation/education. (Doc. 307). The Government argues that Defendant's motion should be denied because he has not exhausted his administrative remedies nor has he demonstrated extraordinary and compelling reasons justifying a reduction in his sentence. (Doc. 312).

Section 3582(c)(1)(A) permits an inmate to move for reduction in sentence if he exhausted his administrative appeals or the facility's warden did not respond to his reduction in sentence request within 30 days. 18 U.S.C. § 3582(c)(1)(A). The Court may not modify a term of imprisonment once it has been imposed otherwise. *Id*. For a district court to be able to grant a § 3582(c)(1)(A) reduction the defendant must meet three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, including that the defendant is not a danger to another person or the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

**A.     Exhaustion of Administrative Remedies**

The Defendant argues that in September of 2025, he submitted a written request for compassionate release to the Warden and, as of February of 2026, has not received a response. The Government argues that the Burau of Prisons has no record on file of the Defendant's request and the Defendant has not provided a copy of his request within his briefing.

While there is a factual disagreement regarding whether the Defendant has exhausted his administrative remedies, the Court will give the Defendant the benefit of the doubt in his

2

attestation that he filed his request in September of 2025. The Court will construe for the purpose of this Order that the Defendant has exhausted his administrative remedies and will proceed onto the merits of the Defendant's arguments for why extraordinary and compelling reasons exist for compassionate release.

### B. Family Circumstances

U.S.S.G. § 1B1.13(b)(3) provides for an extraordinary and compelling reason for compassionate release based upon the family circumstances and states:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3)(A)-(D).

The Defendant argues that his 90-year-old grandmother has substantial medical needs, including neuropathy, osteoporosis, and deteriorating vision. Because of her health, the Defendant states she requires regular in-home care and assistance with medical appointments and daily living tasks. The Defendant seeks compassionate release so he can reside with her and provide daily support.

3

The Defendant fails to show an extraordinary and compelling reason for compassionate release under U.S.S.G. § 1B1.13(b)(3). Plaintiff has filed medical records from Mrs. Mary Angst, Defendant's grandmother. (Doc. 307-2). The medical records provided are from when Mrs. Angst was admittance to CoxHealth in Lebanon, Missouri on February 2, 2026 for a hospital follow up resulting from multifocal pneumonia back in January of 2026. *Id*. at page 2. While the medical record does support the claim that Mrs. Angst has a history of neuropathy and osteoporosis, it additionally shows that Mrs. Angst is not incapacitated to a point that would constitute an extraordinary and compelling reason for purposes of compassionate release. The medical records show Mrs. Angst recovering well from her multifocal pneumonia, in no acute distress, appears well nourished and well developed, alert, oriented and exhibiting normal insight and judgment. *Id*. pages 2-3. There is no indication in the medical records to deduce that Mrs. Angst is incapacitated to such an extent that would warrant Defendant released from prison.

Further, the Defendant is not the only available caregiver to Mrs. Angst. Defendant has filed letters in support from Mrs. Angst, Deloris Lubin, and Greg Oldenberg. However, these letters, while supportive of Defendant's compassionate release motion, also highlight that there are family and church members who, may not want to assist with Mrs. Angst care, could provide it should she ever become incapacitated to a point where assistance is necessary. For these reasons, Defendant has failed to show an extraordinary and compelling reason for compassionate release based upon U.S.S.G. § 1B1.13(b)(3).

C.     **Change in Law/Sentencing Disparity**

U.S.S.G. § 1B1.13(b)(6) provides for an extraordinary and compelling reason based upon an unusually long sentence and states:

> If a defendant received an unusually long sentence and has served at least 10
> years of the term of imprisonment, a change in the law (other than an amendment

to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Further, U.S.S.G. § 1B1.13(c) governs the limitations on changes in law as they apply to compassionate release. It states:

Except as provided in subsection (b)(6), a change in the law … shall not be considered for purposes of determining whether an extraordinary and compelling reasons exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law … may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

The Defendant argues that due to adjustments made to the guidelines for methamphetamine convictions, involving purity, and taking into consideration the fact that, if he were sentenced today, Defendant's two convictions would be run concurrently, and he would be eligible to receive Frist Step Act credits.

The Defendant fails to show an extraordinary and compelling reason for compassionate release under U.S.S.G. § 1B1.13(b)(6). First, the Defendant states, but provides no legal citation, that adjustments have been made to the sentencing guidelines for methamphetamine convictions based on purity. In review of this claim the Court has found no evidence to support this assertion. As the Government points out, Defendant's conviction under 18 U.S.C. § 924(c) is statutorily mandated to be served consecutively to his conviction under 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Further, the Defendant was sentenced after the passage of the First Step Act and his conviction of possessing a firearm in furtherance of a drug trafficking crime is one of the enumerated laws prohibiting First Step Act credits. In sum, there is no legal basis for

5

Defendant's argument that his sentence is in disparity based on a change in law. For these reasons, Defendant has failed to show an extraordinary and compelling reason for compassionate release based upon U.S.S.G. § 1B1.13(b)(6).

### D.        Other Circumstances or Combination of Circumstances

U.S.S.G. § 1B1.13(b)(5) provides that an extraordinary and compelling reason exists if the "defendant presents any other circumstance or combination of circumstance that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

### i.        Sentencing Disparity between Defendants

The Defendant argues that Deidra Mathews, the individual who is listed on Defendant's indictment as a co-conspirator, had over four prior methamphetamine distribution convictions in the State of Missouri and, when arrested, was in possession of over 1,000 grams of methamphetamine. The Defendant states that Ms. Mathews was sentenced to 111 months and has already been released from incarceration. Defendant argues there exists a sentencing disparity between him and Ms. Mathews.[1]

The Defendant has failed to show a sentencing disparity between defendants that would allow for compassionate release either individually or in combination with other factors. As the Government correctly asserts, the Eighth Circuit has made it clear that "[t]he statutory directive in § 3553(a)(6) to avoid sentencing disparities refers to national disparities, not to differences between co-conspirators[.]" *United States v. Armstrong*, 39 F.4th 1053, 1059 (8th Cir. 2022); *United States v. Merrett*, 8 F.4th 743, 753 (8th Cir. 2021); *United States v. Heard*, 91 F.4th 1275,

---

[1] The sentencing guidelines between Defendant and Ms. Mathews were significantly different. Ms. Mathews had a guideline range calculated between 235-292 months imprisonment. (Doc. 106). Ms. Mathews was ultimately sentenced to 117 months imprisonment and 5 years supervised release. (Doc. 174). The Defendant's sentencing guidelines range warranted an imprisonment range from 360 months to life imprisonment. (Doc. 95).

1280 (8th Cir. 2024). As articulated above, the Defendant has failed to show that he has received an excessive sentence pursuant to U.S.S.G. § 1B1.13(b)(6) and has failed here to show that a sentencing disparity exists in his case based on national sentencing trends.

### ii.      Rehabilitation

The Defendant states that he has completed numerous continuing education courses, maintained a clean disciplinary record, engaged in religious study while incarcerated and received a "Premium" pay grade for his commitment to excellence and hard work in UNICOR. The Defendant further asserts that he volunteers to lead Bible study groups with fellow inmates who are studying with Jehovah's Witnesses and thus his rehabilitation demonstrates an extraordinary and compelling reason for compassionate release.

The Defendant has failed to show rehabilitation that would allow for compassionate release either individually or in combination with other factors. While the Defendant should be commended for his efforts, rehabilitation is not, by itself, an extraordinary and compelling reason for compassionate release. *See* U.S.S.G. § 1B1.13 Commentary n.3; 28 U.S.C. § 944(t); *Rutherford v. Untied States*, 608 U.S. —, 2026 WL 1485535, *8 (May 28, 2026). Additionally, the Defendant has failed to show any other reasons why compassionate release should be granted. For these reasons, Defendant has failed to show an extraordinary or compelling reason why compassionate release should be granted.

## II.      Motion for Expedited Consideration of Compassionate Release

The Court having ruled on Defendant's Motion for Compassionate Release will find his Motion for Expeditated Consideration of Compassionate Release to be **FOUND AS MOOT**.

### CONCLUSION

After careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's *Pro Se* Motion for Compassionate Release and **FINDS AS MOOT** Defendant's *Pro Se* Motion for Expedited Consideration of Compassionate Release.

**IT IS SO ORDERED**.

DATED:   July 9, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**